# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **KENYON J. GARRETT** | **CIVIL ACTION NO. 5:17-0784** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED STATES OF AMERICA** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court are Plaintiff Kenyon J. Garrett's ("Garrett") Motion for Sanctions [Doc. No 79] and his "Amended Motion for Rule 37 Sanctions and Motion in Limine" [Doc No 83]. Defendant United States of America ("United States") filed a consolidated opposition memorandum. [Doc. No. 94]. Garrett filed a reply. [Doc. No. 97].

For the following reasons, Garrett's motions are DENIED.

Garrett brought this action, *pro se*, after the death of his father, Clarence Garrett. He originally brought suit against the United States, through the Department of Veteran Affairs and Overton Brooks V.A. Medical Center ("Overton Brooks"), and individual Defendants Kenneth Booth, Larry G. Thirstrup, Robert Lukeman, Agmasie B. Woldie, Arvind Yekanath, Furqan Mahammad, and other known and unknown medical staff, alleging that they were responsible and liable for the death of his father. On September 15, 2017, Garrett and the United States jointly stipulated to dismissal of all Defendants except the United States. Garrett's claims against the United States remain pending under the Federal Tort Claims Act ("FTCA"). The United States denies that it is liable under the FTCA.

In the instant motions, Garrett moves the Court for sanctions against the United States for

failing to produce the employment file of Dr. Yekanath, the psychiatrist who evaluated Clarence Garrett; for failing to produce Dr. Yekanath for a deposition; and for failing to identify Dr. Chris Ticknor as an expert by the September 14, 2018 deadline. Garrett moves the Court for monetary sanctions against the United States for the alleged discovery violations regarding Dr. Yekanath and to strike the expert report of Dr. Ticknor as a sanction for that alleged violation. Additionally, Garrett moves the Court to exclude Clarence Garrett's medical record as inaccurate, based on an uncertified transcript of a conversation he secretly recorded with Dr. Mehmood at Overton Brooks.

The United States responds that Garrett's claims against Dr. Yekanath individually have been dismissed, and that its counsel raised valid objections to the release of Dr. Yekanath's employment file under the Privacy Act and because of issues of confidentiality and irrelevance. Specifically, the United States contends that Garrett has not raised a claim concerning the negligent hiring, training, or credentialing of Dr. Yekanath, and, therefore, it should not be required to produce the file. If Garrett still contends otherwise, the United States points out that the proper recourse is to file a motion to compel, and he has not done so.

The United States responds further that it scheduled seven depositions with Garrett in September 2018, and its counsel simply overlooked Dr. Yekanath, who is now practicing at a V.A. facility in Arizona. The United States explains that its counsel had undergone a double mastectomy in August 2018 and was then undergoing chemotherapy while trying to maintain her case load. The United States offers to make Dr. Yekanath available for a deposition by telephone or video conference or, alternatively, the United States agrees to a continuance if the deposition cannot be scheduled before trial.

Next, the United States responds that Dr. Ticknor was timely disclosed under Federal

Rule of Civil Procedure 26(a)(2)(D)(ii), which provides the deadline for disclosure of rebuttal evidence. Garrett has retained Dr. Vail, a psychiatrist, as his only expert witness. Her report was disclosed to the United States' counsel on October 15, 2018, and on November 8, 2018, less than 30 days later, the United States identified Dr. Ticknor as an additional expert rebuttal witness. Dr. Ticknor's report, along with the United States' other expert report, was timely provided within the Court's deadline of November 14, 2018, and Dr. Ticknor's report was limited to the issues covered by Dr. Vail.

Finally, the United States argues that Garrett cannot obtain the exclusion of his father's entire medical record based on an incomplete, uncertified transcript of another doctor. The record was kept in the regular course of business, and the United States argues that there is no valid reason for its exclusion.

In his reply, Garrett contends that the United States has acted in bad faith by "ignoring" the Court's Scheduling Order, "refusing" to schedule depositions, using "document threats and intimidation," "knowingly submitt[ing] falsified documents," and failing "to produce and properly answer interrogatories." [Doc. No. 97, p. 1]. He contends that he was deprived of a fair discovery process, and the case "must be dismissed in favor of the Plaintiff." *Id.* Garrett argues that he has provided clear and convincing evidence that his father's medical record was falsified and thus the United States' expert cannot rely on the record. As further evidence of the United States' alleged "bad faith," he argues that he requested a deposition date for Dr. John Eric Stupka on November 8, 2018, but the United States responded with a deposition date of January 30, 2019, after the dispositive motions had been filed. He contends that the United States would not have even identified the second expert if he had not requested the identity in an email to its counsel. Finally, Garrett reiterates his contentions that Dr. Mehmood and two other

3

non-medical staff expressed concerns about the treatment of his father at Overton Brooks.

Federal Rule of Civil Procedure 37 provides for sanctions in the case of discovery violations. Rule 37(b)(2)(A) provides for sanctions if a party or its agent "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Rule 37(c)(1) also provides for sanctions, including the exclusion of a witness or evidence at a trial, hearing, or on a motion, if a party fails to disclose the identity of a witness or information, as required by Rules 26(a) or 26(e), unless "the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1).

First, Garrett complains about the United States' discovery responses, but he, too, has failed to comply with the Federal Rules of Civil Procedure by filing the instant motions. The Court understands that Garrett is representing himself and is not trained in the law. However, his first step when confronted by the opposing party's objections to his discovery requests is **not** to file a motion for sanctions. Under the rules, each party has the right to propound interrogatories and requests for production on the other. The party to whom these interrogatories and requests are propounded has the right to object for reasons recognized under the rules and case law. If, after reviewing the objections, the propounding party believes that the objections are invalid or asserted for an improper purpose, then he must **first**, "in good faith," confer or attempt to confer with the opposing party. FED. R. CIV. P. 37(a); *see also* FED. R. CIV. P. 37(d) (even if a party failed to respond at all—by answering or producing documents or by making objections to such discovery requests—a party must show that he first conferred or attempted to confer with the opposing party in good faith).[1] If he is still unable to obtain the

---

[1] Under Rule 37(d), it is not necessary to file a motion to compel if the opposing party failed to respond at all, but, even in that case, the moving party has to certify his attempts to

4

requested information or documents, then his second step is to "move for an order compelling disclosure or discovery." *Id.*; *see also* FED. R. CIV. P. 37(a)(3)(B). This is not a case where the United States failed to answer interrogatories or requests for productions at all, but raised objections to the production of Dr. Yekanath's employment file. Instead, it appears that Garrett bypassed both initial steps and immediately proceeded to file the instant motions for sanctions. Under these circumstances, any sanction against the United States on the basis of its refusal to produce the Yekanath personnel file would be inappropriate. Indeed, the Court finds that the United States has stated a valid objection to the production of the personnel file, and, therefore, to this extent, Garrett's motions are DENIED.

Further, to the extent that Garrett seeks sanctions for the United States' failure to produce Dr. Yekanath for a deposition, the Court also finds that his motion should be DENIED. While she noted that Garrett had not raised this failure to her prior to filing the instant motions, counsel for the United States admitted her own error in failing to schedule the deposition (when seven (7) other depositions were scheduled), explained the extenuating circumstances of her ongoing health issues, and offered two solutions: to produce Dr. Yekanath for a deposition prior to trial or to agree to a continuance to allow more time for depositions. Since the United States' response, the case was stayed because of the government shutdown. After the stay was lifted, trial was continued to April 29, 2019, and there is yet time for the taking of Dr. Yekanath's deposition. Garrett's argument that the United States would hold him to certain deadlines if the situation were reversed does not support an award of sanctions and assumes that the Court would have no role in that situation. In each case, regardless of the party, the Court considers the entire circumstances before ordering sanctions. A situation in which counsel for the United States

---

confer in good faith.

mistakenly failed to schedule one out of eight depositions during her on-going health crisis, admits that mistake, and offers reasonable solutions is clearly not sanctionable conduct.

Next, the Court finds that United States timely disclosed its rebuttal expert, Dr. Ticknor, under Rule 26(a)(2)(D)(ii), which provides the deadline for disclosure of rebuttal evidence. The United States explained that Dr. Ticknor was retained only after Garrett disclosed its expert, Dr. Vail, a psychiatrist. Dr. Ticknor's report was timely disclosed and limited to the issues raised by Dr. Vail. Therefore, Garrett's motions for sanctions and in limine with regard to Dr. Ticknor is also DENIED.

Finally, there is no basis to exclude Clarence Garrett's entire medical record from this case. The medical record is admissible under the business records exception to the hearsay rule. It is not unusual for there to be some errors in a patient's medical record, and to the extent that Garrett disagrees with and wishes to attack certain entries in that record, he can rely on evidence properly admissible under the Federal Rules of Evidence to do so. However, the "evidence" Garrett has presented is insufficient to find that the United States intentionally falsified the record and to order it stricken from evidence. The Court will consider Garrett's argument and proposed evidence in the context of reviewing the other pending motions in this case, but no sanctions are warranted at this time. Accordingly, the motions are also DENIED on this basis

ONROE, LOUISIANA, this 12th day of February, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRIC JUDGE