# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KENYON J. GARRETT | CIVIL ACTION NO.  5:17-0784 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| UNITED STATES OF AMERICA | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Amend Judgment: FRCP 59 and FRCP 60 ("Motion to Amend") [Doc. No 127] filed by Plaintiff Kenyon J. Garrett ("Garrett").

Garrett brought this action, *pro se*, after the death of his father, Clarence Garrett. He contends that his father received substandard medical care while being treated at Overton Brooks V.A. Medical Center ("OBVAMC") and that substandard care culminated in his father's premature death on August 28, 2015.

On July 18, 2016, Garrett filed an administrative claim with the Department of Veteran Affairs ("VA"), alleging that medical malpractice by OBVAMC health care providers caused his father's death.

After exhaustion of his administrative remedies, on June 6, 2016, Garrett brought suit against the United States of America, through the Department of Veteran Affairs and OBVAMC and individual Defendants Kenneth Booth, Larry G. Thirstrup, Robert Lukeman, Agmasie B. Woldie, Arvind Yekanath, Furqan Mahammad, and other known and unknown medical staff, alleging that they were responsible and liable for the death of his father.   Garrett alleged that

Defendants were responsible for abuse, negligence, false imprisonment, intimidation, and medical malpractice, which resulted in Clarence Garrett's psychological injury, emotional distress, and wrongful death. Garrett requested compensatory damages totaling $4 million.

As a result of motion practice and stipulations, Garrett amended his complaint more than once to include additional claims, but eventually dismissed all Defendants except the United States.

In November 2018, the parties filed cross motions for summary judgment, and the United States filed a related Motion to Strike. On February 19, 2019, the Court issued a Ruling and Judgment [Doc. Nos. 116 & 117], granting in part and denying part the United States' Motion to Strike, denying Garrett's Motion for Summary Judgment, and granting the United States' Motion for Summary Judgment. The Court dismissed the case with prejudice.

On February 22, 2019, Garrett filed a Notice of Appeal [Doc. No. 118] to the United States Court of Appeals for the Fifth Circuit.

On September 12, 2019, the Fifth Circuit issued an Opinion denying the appeal and affirming the Court's granting of summary judgment. On November 12, 2019, the Fifth Circuit denied Garrett's petition for rehearing.

On November 19, 2019, Garrett filed the instant motion in this Court.

On November 20, 2019, the Fifth Circuit denied Garrett's motion for stay of the mandate pending petition for writ of certiorari. [Doc. No. 128].

Federal Rules of Civil Procedure 59 and 60 apply to final judgments. Under Rule 59, a party may move to alter or amend a final judgment within twenty-eight (28) days of its entry. FED. R. CIV. P. 59(E) ("A motion to alter or amend a judgment must be filed no later than 28 days

2

after the entry of the judgment."). That Rule clearly does not apply in this case as the motion was filed more than eight (8) months after entry of judgment.

A party may also seek relief from judgment under Rule 60. "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir.2005). Under this rule, a court may relieve a party from a final judgment on the following bases:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b)0.

Garrett, a layperson, argues that this Court erred by dismissing his claims against the United States "employees who were nurses, certified nurse aids, healthcare administrators, and others non-medical employees who played a major role in causing my father's premature death from their substandard medical care." [Doc. No. 127, p. 2]. He points out that he is a nurse with special medical skills, and the United States was aware of that and could have deposed him. He

3

contends further that there is no requirement that a plaintiff acting as his own expert provide an expert report.

Garrett cites to Rule 60(b)(3), contending that the United States' conduct in this case constitutes obstruction of justice and fraud and was in "clear violation of [his] due process under the Fifth and Fourteenth Amendment[s]." *Id.* at p. 3. He then reiterates previous claims that the United States sought to intimidate him from offering evidence.

Finally, he objects that he asked for a jury trial, and he should have received one.

"A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641 (internal citations omitted). "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* (internal citations omitted). "Unlike Rule 60(b)(2), 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case." *Id.* (internal citations omitted). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (internal citations and quotations omitted).

In this case, Garrett has failed to present the Court with evidence that the United States or its counsel engaged in any misconduct at all. The United States had no duty to depose him merely because of knowledge of his occupation. The burden is on the plaintiff to produce the necessary medical evidence to support his case. While a nurse may opine on certain medical conditions as an expert, Garrett never presented the Court with appropriate summary judgment evidence demonstrating that he had the ability to do so and was in fact offering an expert opinion. Garrett previously raised this claim on appeal to the Fifth Circuit, which observed:

> Because this is not an obvious case in which medical negligence could be inferred by a layperson, Garrett was required under Louisiana law to prove causation through expert testimony. *Schultz [v. Guoth]*, 57 So. 3d [1002, 1008 (La. 2011)]; *Pfiffner [v. Correa*, 643 So.2d [1228, 1234 (La. 1994)]. Garrett failed to do so. Furthermore, we find no abuse of discretion in the district court's refusal to consider Garrett's own filings as expert opinions. *See, e.g., United States v. Clements*, 73 F.3d 1330, 1334 (5th Cir. 1996) (reviewing district court's "decision to exclude expert testimony for an abuse of discretion"); *Cleveland [v. United States*, 457 F.3d 397, 404 & n.4 (5th Cir. 2006)] (discussing standards under Louisiana Revised Statute § 9:2794(D) for qualifying as an expert in a medical malpractice case).

*Garrett v. United States*, 776 F. App'x 882, 883 (5th Cir. 2019). This argument does not suffice to support Garrett's motion for relief from judgment.

Further, to the extent Garrett claims that the United States committed fraud because it obstructed justice by intimidating him, his motion fares no better. Garrett previously provided the Court with copies of the emails between him and the United States' counsel. *See* [Doc. No. 77-5, pp. 101-102, 106, & 109]. The emails speak for themselves, but the Court finds nothing obstructive about them. Given Garrett's prolific filings in this case, it is difficult for the Court to see how Garrett was intimidated at all.

Finally, given Garrett's *pro se* status, the Court has considered whether his arguments provide any other basis for relief. However, all of Garrett's arguments are based on information known to him prior to entry of the Court's summary judgment and most were actually made to this Court and/or the Fifth Circuit. Thus, even under Rule 60(b)(6), which authorizes relief for any reason other than those listed in clauses (b)(1) through (b)(5), *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005), the Court finds no "extraordinary situation" or "extraordinary circumstances." *Id.* (internal citations and quotation marks omitted).

5

Accordingly, the Court will deny Garrett's motion.

MONROE, LOUISIANA, this 21st day of November, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRIC JUDGE

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **KENYON J. GARRETT** | **CIVIL ACTION NO. 5:17-0784** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED STATES OF AMERICA** | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

For the reasons set forth in this Court's Ruling,

IT IS ORDERED that Plaintiff Kenyon J. Garrett's ("Garrett") is DENIED.

MONROE, LOUISIANA, this 21st day of November, 2019.

                                                  TERRY A. DOUGHTY
                                    UNITED STATES DISTRICT JUDGE